UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| CHRISTOPHER PROSSER, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 2:18-cv-85-RLW |
| RONALD PROCTOR, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Christopher Prosser for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $20.13. *See* 28 U.S.C. § 1915(b)(1). The Court will also give plaintiff the opportunity to submit an amended complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing an average monthly deposit of $100.64, and an average monthly balance of $68.04. The Court will therefore assess an initial partial filing fee of $20.13, which is twenty percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but "does not accept as true any legal conclusion couched as a factual allegation").

2

*Pro se* complaints are to be liberally construed, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but they still must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Giving a complaint a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff brings this action against 21 defendants: Dr. Ronald Proctor, Dr. Unknown Massey, Dr. Unknown Bredeman, Dr. Gary Babich, Director of Operations Debra Steinman, Corizon Health Services, Inc., Corizon Pharmacorr, Inc., Dr. Abby Rardin (Grider), Dr. Thomas Cabrera, Dr. Miguel Paniagua, Nurses Tammy Anderson and Nina Zumwalt, Corizon Health, Inc., Wardens James Hurley and Chantay Godert, Assistant Warden Richard Griggs, Director George Lombardi, Director Anne Precythe, Medical Monitor Deloise Williams, and Medical Contract Monitors Gail Bailey and Melody Griffin. He does not indicate the capacity in which he sues the defendants.

The complaint spans 59 single-spaced pages, and it contains 324 paragraphs. Many paragraphs contain multiple subparts. In paragraphs 1 through 187, plaintiff sets forth factual allegations relative to all defendants. In paragraphs 189 through 324, plaintiff sets forth his claims for relief in 19 counts. In each count, plaintiff incorporates every antecedent paragraph by reference, such that Count I includes all of the allegations in paragraphs 1 through 187, Count II includes paragraphs 1 through 187 plus all allegations from Count I, and so forth. As a result, each count contains numerous factual allegations that could not possibly be material.

Generally, plaintiff claims he was denied treatment for severe back pain, and that Corizon prioritized profits over care. He also claims he was given a medication that caused him to develop a serious condition and then was not treated for that condition, and he claims he was retaliated against because he previously entered into a settlement agreement with "[t]he Corizon defendants and it's agents." (Docket No. 1 at 30, para. 190). Plaintiff seeks monetary relief.

## Discussion

The complaint violates Rule 8 of the Federal Rules of Civil Procedure, which requires (in relevant part) that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." At 59 single-spaced pages containing 324 paragraphs, it is far too long, and it brims with irrelevant and redundant information and legally conclusory statements. It is plead in the manner typical of "kitchen sink" or "shotgun" pleadings, which are prohibited because they obscure the plaintiff's material allegations, fail to give each defendant adequate notice of the claims asserted against him or her, and hinder each defendant's ability to form a reasonable response. *See Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (finding that "[s]hotgun pleading" results in counts that are "replete with factual allegations that could not possibly be material to that specific count, and that any allegations that are material are buried beneath innumerable pages of rambling irrelevancies"); *see also Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1332 (11th Cir. 1998) ("[t]hese general allegations operated as camouflage, obscuring the material allegations of [plaintiff's] claims and necessarily implying that all the allegations were material to each claim."). Such pleadings also unfairly burden the Court with the task of poring through the morass of allegations in order to piece together plaintiff's claims against each named defendant. The complaint also fails to state

a claim for relief against any of the Missouri Department of Corrections defendants, as plaintiff has not specified the capacity in which he intends to sue them, and he seeks only monetary relief.

Because plaintiff is proceeding *pro se*, the Court will allow him to file an amended complaint. Plaintiff is warned that the amended complaint will replace the original. *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Plaintiff must submit the amended complaint on a court-provided form. In preparing the amended complaint, plaintiff must follow the Federal Rules of Civil Procedure, including Rule 8. Rule 8 requires, in relevant part, that a pleading contain a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be simple, concise and direct.

In the "Caption" section of the amended complaint, plaintiff must state the first and last name, to the extent he knows it, of each defendant he wishes to sue. Plaintiff should also indicate whether he intends to sue each defendant in his or her individual capacity, official capacity, or both.[1]

In the "Statement of Claim" section, plaintiff should begin by writing the first defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth the specific factual allegations supporting his claim or claims against that defendant. Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).

---

[1] The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

5

If plaintiff is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations supporting his claim or claims against that defendant. Plaintiff should avoid naming anyone as a defendant unless that person is directly related to his claim. Plaintiff's failure to make specific and actionable allegations against any defendant will result in that defendant's dismissal from this case.

The Court now turns to plaintiff's "Motion for Court Ordered Mediation," and his motion to appoint counsel. (Docket Nos. 5 and 6). Both motions are premature, as plaintiff has yet to file a complaint that survives initial review, no defendant has been served with process, and discovery has not begun. However, the Court will deny the motions without prejudice, and will entertain future such motions, if appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this Memorandum and Order, plaintiff must pay an initial filing fee of $20.13. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this Memorandum and Order, plaintiff shall submit an amended complaint in accordance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a blank Prisoner Civil Rights Complaint form. Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Court Ordered Mediation (Docket No. 5) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket No. 6) is **DENIED** without prejudice.

**If plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.**

Dated this 7th day of December, 2018.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE