**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

| | |
|---|---|
| CHRISTOPHER PROSSER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:18-cv-85-RLW |
| ) | |
| RONALD PROCTOR, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon a motion to dismiss filed by defendants Chantay

Godert, Richard Griggs, James Hurley, and George Lombardi (collectively "defendants"). (ECF

No. 35). In the motion, defendants ask the Court to dismiss the claims set forth against them in

Counts VII and IX because they are shielded by qualified immunity from claims brought against

them in their individual capacities, and because plaintiff has failed to state a claim upon which

relief may be granted. Plaintiff opposes the motion, and has filed a memorandum in response.

The matter is now fully briefed and ripe for disposition.

**Background**

The background of this case is well known to the parties, and will not be fully set forth

here. Briefly, however, the following factual allegations are relevant to the instant motion. As a

result of a spinal cord injury that occurred while he was incarcerated, plaintiff is paralyzed and

suffers from chronic pain. The treatment plaintiff received for that injury was the subject of a

civil action he filed in 2009, which was resolved by the parties.[1]

Plaintiff's pain was successfully managed with Tramadol and Neurontin until 2014, at

which time those drugs were withdrawn pursuant to a cost-cutting policy. Plaintiff attempted to

---

[1] *See Prosser v. Nagaldinne*, No. 4:09-cv-2117-JAR (E.D. Mo. 2009).

resume pain management treatment with Tramadol and Neurontin, but his requests were refused and he was given Tegretol instead. After taking his first dose of Tegretol, he developed a condition called Stevens-Johnson Syndrome, or SJS.[2] He began experiencing severe flu-like symptoms, a rash, severe painful lesions on his hands, arms, face, and inside his nostrils, bleeding oozing lesions on his fingers and stabbing pain in his hands, vomiting, diarrhea, and other symptoms. Additionally, his skin began to slough off, exposing severe burn-like areas on his body. He sought medical treatment, but was ignored. On October 5, 2014, instead of being taken to an appropriate medical facility, he was placed in an administrative segregation cell inside of the infirmary with orders that no treatment be given. He suffered retaliation for filing the 2009 lawsuit.

In the instant motion, defendants ask the Court to dismiss the claims set forth against them in Counts VII and IX because they are shielded by qualified immunity from claims brought against them in their individual capacities, and because plaintiff has failed to state a claim upon which relief may be granted against them or any Missouri Department of Corrections ("MDOC") defendant. Defendants' arguments will be addressed in turn.

**Legal Standard**

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. To survive a motion to dismiss filed pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp.*

---

[2]According to the U.S. National Library of Medicine, "Stevens-Johnson syndrome/toxic epidermal necrolysis (SJS/TEN) is a severe skin reaction most often triggered by particular medications." It "often begins with a fever and flu-like symptoms. Within a few days, the skin begins to blister and peel, forming very painful raw areas called erosions that resemble a severe hot-water burn." It also damages mucous membranes, including the lining of the mouth and airway. It is considered a life-threatening disease. https://ghr.nlm.nih.gov/condition/stevens-johnson-syndrome-toxic-epidermal-necrolysis (last visited June 9, 2020).

*v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (citing *Twombly*, 550 U.S. at 555 & n.3). This obligation requires plaintiffs to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

When considering a motion to dismiss, a court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. *Id.* at 555–56; Fed. R. Civ. P. 8(a)(2). The principle that a court must accept as true all of the allegations contained in a complaint does not apply to legal conclusions, however. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"); *see also Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) (en banc) (to survive a motion to dismiss, "a civil rights complaint must contain facts which state a claim as a matter of law and must not be conclusory.").

## Discussion

Defendants first contend they are entitled to qualified immunity on plaintiff's individual capacity claims. A public official is entitled to qualified or "good faith" immunity unless (1) the alleged facts show a violation of a constitutional right, and (2) the right was clearly established at the time of the alleged misconduct. *See Sok Kong Trustee for Map Kong v. City of Burnsville*, --- F.3d ---, 2020 WL 2781314 (8th Cir. 2020) (citing *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)); *see also Burton v. St. Louis Bd. of Police Com'rs*, 731 F.3d 784, 791 (8th Cir. 2013).

In support of their contention they are entitled to qualified immunity, defendants first argue that plaintiff "fails to show that he suffered a serious medical need," inasmuch as they are laypersons and plaintiff has not alleged that his medical needs were such that a layperson would "easily recognize" the need for intervention. (ECF No. 36 at 6). They conclude that they "could not have violated clearly established law because a reasonable official in their position would not 'have understood that what he [or she] is doing violates that right.'" *Id.* at 7.

Defendants' argument is meritless. To state an Eighth Amendment deliberate indifference claim, a plaintiff must establish, *inter alia*, that he suffered from an objectively serious medical need. *See Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011). A "serious medical need" is "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) (internal citation omitted). Here, not only has plaintiff alleged that he articulated his symptoms that were not visible, he has alleged he displayed shocking visible symptoms, including a sloughing of his skin that exposed areas resembling severe burns, and bleeding oozing lesions on his hands. There is no doubt that plaintiff has sufficiently pleaded that his need for medical attention would have been obvious to a layperson.

Defendants next contend they are entitled to qualified immunity because plaintiff has not alleged their personal involvement or direct participation in the violation of any of his constitutional rights. In support, they argue they are not medical professionals and "were not directly involved in treatment, as MDOC contracts with Corizon and defers to their professional expertise in making treatment decisions." (ECF No. 36 at 7). Defendants also state they are not responsible for supervising Corizon employees. In response, plaintiff argues defendants are

liable to him both for their personal involvement in the constitutional violation, and because their inaction amounts of deliberate indifference to Corizon's unconstitutional practices. Plaintiff argues that the defendants "cannot shield themselves from liability by arguing that Defendant Corizon Health sets the policy as to inmate medical care and medical care decisions." (ECF No. 52 at 7).

Plaintiff's arguments are well taken. He has sufficiently pleaded that the defendants were aware of his medical needs and aware he was not receiving adequate medical treatment. At the time of the relevant events, a reasonable government official would have known it was unlawful to fail to ensure that a person with such needs received adequate medical treatment. When a prisoner needs medical treatment, "prison officials are under a constitutional duty to see that it is furnished." *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010) (internal quotation omitted). If the "duty to furnish treatment is unfulfilled, the mere contracting of services with an independent contractor does not immunize the State from liability for damages in failing to provide a prisoner with the opportunity for such treatment." *Id.* (internal quotation omitted). Defendants are not entitled to qualified immunity.

Defendants next contend they are entitled to dismissal because in Count VII, plaintiff fails to state a claim of deliberate indifference against Godert, Griggs and Hurley. In support, they argue they lack medical expertise and cannot be held liable for decisions made by Corizon medical staff, and that there are no allegations that as laypersons, they would easily recognize the need for medical attention. These arguments are not well taken. As discussed above, plaintiff has sufficiently alleged that his medical needs were so obvious that even a layperson could easily recognize the need for a doctor's attention. Plaintiff has also sufficiently pleaded that these defendants were aware of his condition and aware was not receiving adequate medical treatment.

5

Contracting with Corizon does not immunize these defendants from liability. *See id.* Defendants also argue that Count IX fails to state a claim upon which relief may be granted against any MDOC defendant because plaintiff has not demonstrated they directly participated in a constitutional violation, failed to supervise or train an offending employee, or were personally involved in a policy or practice that gave rise to a constitutional violation. In support, they argue they were not responsible for Corizon's policies or its employees. These arguments are not well taken. Plaintiff has sufficiently pleaded that the defendants were aware of his serious medical needs and were aware that treatment was inadequate, and contracting with Corizon does not relieve the MDOC defendants of their duty to ensure plaintiff received adequate medical care. Plaintiff is entitled to present evidence in support of his claims, and the Court will deny the instant motion and direct defendants to answer the Second Amended Complaint.

Plaintiff has filed a motion requesting a hearing on his response in opposition to the instant motion. (ECF No. 53). Because defendants' motion to dismiss will be resolved on the basis of the parties' filings, there is no need for a hearing and plaintiff's motion will be denied on that basis.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Chantay Godert, Richard Griggs, James Hurley, and George Lombardi's Motion to Dismiss (ECF No. 35) is **DENIED.**

**IT IS FURTHER ORDERED** that, within fourteen (14) days of the date of this order, defendants Chantay Godert, Richard Griggs, James Hurley, and George Lombardi shall answer the Second Amended Complaint.

**IT IS FURTHER ORDERED** that plaintiff's Request for Hearing (ECF No. 53) is **DENIED.**

6

Dated this ____9th____ day of June, 2020.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE