UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER PROSSER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:18-cv-85-RLW |
| | ) | |
| RONALD PROCTOR, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon a motion to dismiss, filed by defendants Dr. Glen Babich and Debra Steinman (collectively "defendants"). (ECF No. 46). Proceeding pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, defendants ask the Court to dismiss the claims set forth against them in Counts III and IX of the Second Amended Complaint because plaintiff has failed to state a claim upon which relief may be granted. Plaintiff opposes the motion, and has filed a memorandum in response to which defendants have replied. The matter is now fully briefed and ripe for disposition.

### Background

The background of this case is well known to the Court and the parties, and will not be fully set forth here. Briefly, however, the following factual allegations are relevant to the instant motion. As a result of a spinal cord injury that occurred while he was incarcerated, plaintiff is paralyzed and suffers from chronic pain. The treatment plaintiff received for that injury was the subject of a civil action he filed in 2009, which was resolved by the parties.[1]

Plaintiff's pain was successfully managed with Tramadol and Neurontin until 2014, at which time those drugs were withdrawn pursuant to a cost-cutting policy. Plaintiff attempted to

---

[1] *See Prosser v. Nagaldinne*, No. 4:09-cv-2117-JAR (E.D. Mo. 2009).

resume treatment with Tramadol and Neurontin, but his requests were refused and he was given Tegretol instead. After taking his first dose of Tegretol, he developed a condition called Stevens-Johnson Syndrome, or SJS.[2] He began experiencing severe flu-like symptoms, a rash, severe painful lesions on his hands, arms, face, and inside his nostrils, bleeding oozing lesions on his fingers and stabbing pain in his hands, vomiting, diarrhea, and other symptoms. Additionally, his skin began to slough off, exposing severe burn-like areas on his body. He sought medical treatment, but was ignored. On October 5, 2014, instead of being taken to an appropriate medical facility, he was placed in an administrative segregation cell inside of the infirmary with orders that no treatment be given. He suffered retaliation for filing the 2009 lawsuit.

In the instant motion, defendants first argue that Steinman should be dismissed from this action because "Plaintiff has not asserted a claim or cause of action against Steinman in any enumerated Count within the Complaint." (ECF No. 47 at 1). In support, defendants contend that Steinman's name is "specifically omitted from the list of Defendants identified" in Count IX, and that plaintiff has therefore "quite literally failed to state a claim against Defendant Steinman by not naming her as a defendant in any of his nine claims." *Id.* at 5. Next, defendants argue that Dr. Babich should be dismissed because "Plaintiff's allegations against Dr. Babich fail to allege that Dr. Babich had any personal or direct involvement in Plaintiff's care that would give rise to deprivation of a constitutional right, and therefore Plaintiff's claims against Dr. Babich should be dismissed." *Id.* at 1. Defendants contend that plaintiff is improperly proceeding against Dr. Babich on the premise that administrators are liable for all inmate care.

---

[2]According to the U.S. National Library of Medicine, "Stevens-Johnson syndrome/toxic epidermal necrolysis (SJS/TEN) is a severe skin reaction most often triggered by particular medications." It "often begins with a fever and flu-like symptoms. Within a few days, the skin begins to blister and peel, forming very painful raw areas called erosions that resemble a severe hot-water burn." It also damages mucous membranes, including the lining of the mouth and airway. It is considered a life-threatening disease. https://ghr.nlm.nih.gov/condition/stevens-johnson-syndrome-toxic-epidermal-necrolysis (last visited June 9, 2020).

In response, plaintiff argues that his factual allegations against Steinman are more than sufficient under federal pleading standards. Plaintiff also contends that Count IX is alleged against "all Defendants," which necessarily includes Steinman, and that any superficial errors in his pleading do not warrant Steinman's dismissal. Regarding Dr. Babich, plaintiff argues he has explicitly pleaded the manner in which Dr. Babich was deliberately indifferent to his serious medical needs, and that administrators such as Dr. Babich can be held liable for their personal involvement in wrongdoing, or when their corrective inaction amounts to deliberate indifference or tacit authorization of wrongdoing.

**Legal Standard**

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. To survive a motion to dismiss filed pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (citing *Twombly*, 550 U.S. at 555 & n.3). This obligation requires plaintiffs to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

When considering a motion to dismiss, a court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. *Id.* at 555–56; Fed. R. Civ. P. 8(a)(2). The principle that a court must

accept as true all of the allegations contained in a complaint does not apply to legal conclusions, however. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"); *see also Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) (en banc) (to survive a motion to dismiss, "a civil rights complaint must contain facts which state a claim as a matter of law and must not be conclusory.").

## Discussion

Defendants' arguments are not well taken. Regarding Steinman, as plaintiff asserts, Count IX is alleged against "all Defendants," which necessarily includes her. Also, plaintiff has certainly met federal pleading standards by pleading detailed factual allegations of Steinman's conduct in violating his constitutional rights. Briefly, plaintiff has identified Steinman as the Director of Operations for Corizon, and has alleged that she: advised plaintiff that his pain medications were discontinued due to a legitimate medical need but later told him they were discontinued to cut costs; effectively acknowledged that plaintiff was suffering retaliation for his prior lawsuit but failed to intervene; admitted that his medications should not have been changed and assured him she would intervene but failed to do so; and falsified official documents concerning the course of plaintiff's care and level of chronic pain. The foregoing are just some of plaintiff's factual allegations against Steinman. Plaintiff's factual allegations are clearly sufficient to give her fair notice of plaintiff's claim against her, and the grounds upon which such claim rests. Defendants' argument to the contrary is meritless, and plaintiff is entitled to present evidence in support of his claim against Steinman.

Defendants have also failed to establish entitlement to the dismissal of Dr. Babich. To state a claim under § 1983, plaintiff must plead that a government official has personally violated

his constitutional rights. *Jackson v. Nixon*, 747 F.3d 537, 543 (8th Cir. 2014) (citing *Iqbal*, 556 U.S. at 676). *See also Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (claims sounding in respondeat superior are not cognizable under § 1983). "In requiring a plaintiff to allege that each defendant was personally involved in the deprivation of his constitutional rights, we assess each defendant relative to his authority over the claimed constitutional violation." *Jackson*, 747 F.3d at 543.

Showing direct action is not the only way to establish the personal involvement of defendants with administrative or supervisory roles. *See id.* As plaintiff herein asserts, a plaintiff can show that a defendant's "corrective inaction amounts to 'deliberate indifference' to or 'tacit authorization' of the violative practices." *Choate v. Lockhart,* 7 F.3d 1370, 1376 (8th Cir. 1993) (quotations omitted). A plaintiff can also show that a defendant was involved in "creating, applying or interpreting a policy" that gave rise to unconstitutional conditions, or that he failed to properly supervise and train an offending employee. *Jackson*, 747 F.3d at 543 (citations omitted).

Here, plaintiff's allegations are sufficient to survive the instant motion. As plaintiff asserts, he has certainly met federal pleading standards by pleading detailed factual allegations of Dr. Babich's involvement in the alleged constitutional violations. Plaintiff is not, as defendants suggest, setting forth a "blanket assertion" that administrators are liable for all inmate care. Plaintiff has explicitly pleaded that Dr. Babich was actively involved in making decisions regarding his medical treatment and overseeing medical decisions pertaining to him, including decisions related to changing his medications and the course of his treatment. As noted above, by pleading such facts plaintiff has sufficiently pleaded Dr. Babich's personal involvement in the

alleged constitutional violations. Plaintiff is entitled to present evidence in support of his claims against Dr. Babich.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Dr. Glen Babich and Debra Steinman's Motion to Dismiss (ECF No. 46) is **DENIED**.

**IT IS FURTHER ORDERED** that, within fourteen (14) days of the date of this order, defendants Dr. Glen Babich and Debra Steinman shall answer the Second Amended Complaint.

Dated this 9th day of June, 2020.

_____
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE